## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CLEVELAND POLICE PATROLMEN'S ASSOCIATION, 1303 W.58th Street Cleveland, Ohio 44102<br><br>and<br><br>JEFFREY FOLLMER, PATROL OFFICER FOR CITY OF CLEVELAND 1303 W. 58th Street Cleveland, Ohio 44102<br><br>    Plaintiffs,<br>vs.<br><br>THE CITY OF CLEVELAND, 601 Lakeside Avenue Cleveland, Ohio 44114<br><br>and,<br><br>MICHAEL MCGRATH, DIRECTOR OF PUBLIC SAFETY 601 Lakeside Avenue Cleveland, Ohio 44114<br><br>and,<br><br>CALVIN WILLIAMS, CLEVELAND CHIEF OF POLICE 1300 Ontario Street (9th Floor) Cleveland, Ohio 44113<br><br>    Defendants. | CASE NO.<br><br>JUDGE:<br><br><br>VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND REQUEST FOR IMMEDIATE, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF |

### PRELIMINARY STATEMENT

Plaintiffs' Verified Complaint for Declaratory Relief is being filed pursuant to R.C. 2721.02, 2721.05, R.C. 2721.12 and Request for Immediate, Preliminary and Permanent


EXHIBIT 1

Injunctive Relief pursuant to Ohio Civ. R. 65. Specifically, Plaintiffs are requesting a declaration by the Court that Defendants must be prohibited from pursing disciplinary action(s) against members of the Cleveland Police Patrolmen's Association (hereinafter "CPPA") for alleged conduct that violates the Officers' constitutional rights to privacy and free speech. Moreover, the CPPA is requesting any and all documentation concerning these alleged disciplinary charges be removed from the affected officer's personnel file.

City of Cleveland Codified Ordinance § 171.49 states the following regarding Patrol Officer's and City of Cleveland Employees' rights to free expression:

> (a) Every officer and employee, whether in the classified or unclassified service of the City, shall have and enjoy the right of free speech, as guaranteed to them as citizens of the United States and the State, as provided in the United States Constitution and the Constitution of the State, and may freely discuss any matters, including but not limited to matters relating to religion or politics.
>
> (b) No officer or employee of the City, whether in the classified or unclassified service of the City, shall promulgate or enforce or attempt to promulgate or enforce any order, rule, regulation or directive, either written or oral which prohibits or attempts to prohibit any officer or employee from exercising his, her or their right to free speech, as Constitutionally and legally guaranteed, except that the provisions of this section shall not protect speech or conduct or both, which are clearly disruptive of the work of such officer or employee or his or her co-workers or which clearly constitutes an act of insubordination to a lawful order or directive of a person in a supervisory capacity, which order or directive is necessary and related to the carrying out of the authorized business of the City, and which is directly related to the assigned duties and tasks of such employee.

The speech discussed herein is protected under § 171.49(a), subsection (b) does not apply.

The First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment to the Unites States Constitution, provides that states may not abridge the freedom of speech. The First Amendment secures the rights of individuals,

including students, to express themselves without unjustified interference or constraint by the government, which may not prohibit the expression of an idea simply because society finds the idea offensive or disagreeable.

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. The Fourth Amendment, incorporated by the Due Process Clause of the Fourteenth Amendment, applies equally against the states to protect individuals from illegal action. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684 (1961). The Defendants violated the affected CPPA members constitutional rights to privacy.

In this case, the Defendants are pursing disciplinary charges against members of the CPPA for protected speech that occurred on a private cellular phone, outside of the workplace, in violation of the CPPA member's constitutional rights. Further, these disciplinary charges violate City of Cleveland Codified Ordinance § 171.49(a) and the Officer's right to private speech. Accordingly, the Defendants must be precludes from pursing any disciplinary charges that violate CPPA member's constitutional rights.

## THE PARTIES

Now comes Plaintiffs the Cleveland Police Patrolmen's Association (hereinafter the "CPPA") and Jeffrey Follmer, by and through undersigned counsel, and for their Verified Complaint for Declaratory Relief and Request for Immediate, Preliminary and Permanent Injunctive Relief against the Defendants the City of Cleveland ("City"), Director of Public Safety Michael McGrath, and Chief of Police Calvin Williams, and state the following:

1. Plaintiff CPPA, is the sole and exclusive bargaining agent for all persons employed in the rank of Patrol Officer for the City of Cleveland for the purpose of bargaining with respect to wages, hours and terms and conditions of employment. (*See* Exhibit "A", CBA).

2. Plaintiff Jeffrey Follmer, is a Cleveland Patrol Officer and is the President of the CPPA. The CPPA has a statutory duty to protect the constitutional rights of its members.

3. Defendant City of Cleveland, is a municipal corporation established and operating pursuant to the laws of the state of Ohio.

4. Defendant Michael McGrath is the Director of Public Safety for the City of Cleveland and in that capacity, serves under the direction of the Mayor and is subject to the provisions of the Charter, ordinance of the City, and laws and Constitution of the State of Ohio.

5. Defendant, Calvin Williams is the Chief of Police for the City of Cleveland and in that capacity, serves under the direction of the Mayor and is subject to the provisions of the Charter, ordinance of the City, and laws and Constitution of the State of Ohio.

## COUNT ONE
### (DECLARATORY JUDGMENT)

6. CPPA member(s) have been charged with administrative rule violations stemming from his/her private speech on private cellular phone(s).

7. The CPPA members had a reasonable expectation of privacy to their private cellular phones, which are not paid for or provided by the City of Cleveland.

8. The unlawful intrusion into the CPPA members private phones violated their constitutional right to privacy.

9. This constitutional violation was compounded when the City of Cleveland issued disciplinary charges against the affected CPPA members.

10. The current affected CPPA member(s) are scheduled for a pre-disciplinary conference on or about Tuesday, April 17, 2018 before the Defendant(s).

11. As a result of said hearing, the CPPA members could be subject to discipline and/or public disclosure of the charges against them, causing irreparable personal and professional harm.

12. The Defendants decision to bring administrative charges against the affected CPPA member(s) and to go forward with the administrative hearing on April 17, 2018 violates the Cleveland Municipal Ordinance(s), as well as, the Patrol Officers constitutional rights.

13. The alleged cellular phone text messages which are the subject of the administrative charges were obtained in violation of the CPPA members constitutional right to privacy.

14. For all of these reasons, Plaintiffs seek a declaration of rights and duties under the above cited local ordinances.

## COUNT TWO
## (INJUNCTIVE RELIEF)

15. Plaintiffs incorporate allegations 1-14 as if fully rewritten herein.

16. Defendants' conduct is in violation of the City of Cleveland's Rules of Civil Service and the Constitution of the United States of America.

17. The direct and proximate result of the Defendant(s) conduct will cause irreparable personal and professional harm against the affected member(s) of the CPPA.

18. The parties' collective bargaining agreement prohibits an arbitrator from passing on issues of law and is without jurisdiction to consider this issue.

19. Plaintiffs have no other adequate remedy at law.

WHEREFORE, Plaintiffs pray as follows:

For a declaratory judgment declaring Codified Ordinance § 171.49 protects CPPA members rights to freedom of private expression and precludes the Defendants from implementing administrative discipline for such private speech;

For a declaratory judgment precluding the Defendants from bringing administrative disciplinary charges against the affected CPPA members on April 17, 2018, and in the future, when the administrative disciplinary charges stem from an unconstitutional search by the employer of their private property;

For a declaratory judgment precluding the Defendants from bringing administrative disciplinary charges against the affected CPPA members on April 17, 2018, and in the future, when the administrative disciplinary charges stem from a violation of the members' constitutional rights;

For an immediate, preliminary and permanent injunctive relief enjoining the Defendants from administering any discipline against affected CPPA members;

For the award of a reasonable sum for attorneys fees incurred in protecting Plaintiffs' rights asserted herein under law; and

For all other relief, equitable or legal, that this court is empowered to grant, plus costs incurred herein.

Respectfully submitted,

/s/ Marisa L. Serrat
MARISA L. SERRAT (#0088840)
Attorney for the Plaintiffs
55 Public Square
2100 Illuminating Building
Cleveland, Ohio 44113
(216) 696-2150; (216) 696-1718- Fax
MserratLaw@gmail.com

## VERIFICATION

I, Jeffrey Follmer, after being duly sworn in accordance with law, state that I am a resident tax payer in the City of Cleveland, that I am a Patrol Officer for the City of Cleveland, and that I am president of the Cleveland Police Patrolmen's Association; that I have read the Verified Petition/Complaint(s) and Memorandum in Support; that to Affiant's knowledge, information and belief, the averments of the Verified Petition/Complaint are true; that Plaintiff/Petitioners have no adequate remedy of law and will suffer irreparable and immediate injury unless this Court grants the relief requested.

FURTHER AFFIANT SAYTH NAUGHT

_____
JEFFREY FOLLMER

Sworn to before me and subscribed in my presence this 13th day of April, 2018.

_____
NOTARY PUBLIC

Marisa L. Serrat
Attorney At Law
Notary Public, State of Ohio
My commission has no expiration date
Sec. 147.03 R.C.

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CLEVELAND POLICE PATROLMEN'S ASSOCIATION, ET AL. | CASE NO. |
| Plaintiffs | JUDGE: |
| vs. | |
| THE CITY OF CLEVELAND, ET AL. | BRIEF IN SUPPORT OF VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF |
| Defendants | |

## BRIEF IN SUPPORT

This Verified Complaint for Declaratory Relief requests a declaration by the court prohibiting the Defendants from implementing any discipline against the affected CPPA members who are currently facing discipline for conduct that violates the Patrol Officer(s) constitutional rights.

It is the position of Plaintiffs that the City of Cleveland, by and through its agents, should be barred from pursing discipline against the affected CPPA members when the alleged discipline stems from a constitutional violation. The April 17, 2018 pre-disciplinary hearing and any subsequent disciplinary hearing(s) should be dismissed and terminated. Plaintiffs have raised these concerns administratively with the Defendants, who denied the Plaintiff's request for dismissal. Any pre-disciplinary charges or hearing can and will cause the affected CPPA members permanent professional and personal harm. For these reasons, the Plaintiffs respectfully request this Court issue an order barring any discipline or pre-disciplinary conferences for disciplinary charges which stem from a violation of an Officers constitutional rights, and further,

remove any and all related investigative files/charges/documents from his or her personnel file, and any other form of relief this Court deems appropriate. With the very real threat of irreparable harm and no adequate remedy at law, the Plaintiffs are seeking this declaratory and immediate/preliminary/permanent injunctive relief.

### A. <u>PLAINTIFFS ARE ENTITLED TO IMMEDIATE, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF PREVENTING ADMINSITRATIVE DISCIPLINE PREFERRED IN VIOLATION OF CIVIL SERVICE RULE 9.23.</u>

The Eighth District Court of Appeals held in *City of Cleveland v. Cleveland Electric Illuminating Company* (1996) 115 Ohio App.3d 1, that to state a claim for injunctive relief, a litigant must show that (1) it is likely to succeed on the merits of the case, (2) the issuance of the injunction will prevent irreparable harm, (3) the potential injury that may be suffered by Defendant will not outweigh the potential injury suffered by the Plaintiff if the injunction is not granted, and (4) the public interest will be served by the granting of the injunction.[1] See, generally, Civ.R. 65; *Corbett v. Ohio Bldg. Auth.* (1993), 86 Ohio App.3d 44, 619 N.E.2d 1145; *Diamond Co. v. Gentry Acquisition Corp.* (1988), 48 Ohio Misc. 1; Donnellon, *Injunctions and Restraining Orders in Ohio* (1992), Sections 3.02-3.04.

In determining whether to grant injunctive relief, courts have recognized that no one factor is dispositive. *Royal Appliance Mfg. Co. v. Hoover Co., Inc.* (N.D.Ohio 1994), 845 F.Supp. 469. The four factors must be balanced with the "flexibility, which traditionally has characterized the law of equity." *Friendship Materials, Inc. v. Michigan Brick, Inc.* (C.A.6, 1982), 679 F.2d 100, 105. Under the unique facts and circumstances of this case, the balance of these four factors weighs heavily in favor of granting the injunctive relief sought by Plaintiffs.

---

[1] Discretionary appeal to the Supreme Court of Ohio was not allowed in (1997), 78 Ohio St.3d 1419.

1. **THERE EXISTS A LIKELIHOOD OF SUCCESS ON THE MERITS.**

The constitutional violation in this case is unambiguous. The disciplinary charges stem from the affected CPPA member(s) private cellular phone(s), and the speech was constitutionally protected. This speech was private and not published in any public forum. Accordingly, for the reasons set forth in detail above, there exists a likelihood of success on the merits and the requested injunctive relief granted.

2. **THE ISSUANCE OF AN INJUNCTION WILL PREVENT IRREPARABLE HARM.**

It is well established that when there is a strong likelihood of success on the merits, preliminary injunctive relief may be justified even though a plaintiff's case of irreparable injury may be weak. In other words, what plaintiff must show is that the degree of irreparable harm varies inversely with what plaintiff demonstrates as to its likelihood of success on the merits. *Royal Appliance Mfg. Co, supra.* ."An irreparable injury is one for the redress of which, after its occurrence, there could be no plain, adequate and complete remedy at law, and for which restitution in specie (money) would be impossible, difficult or incomplete." *Ohio Turnpike Comm. v. Texaco* (1973), 35 Ohio Misc. 99, 105.

In this case, there is a real threat of irreparable harm to the affected CPPA members. If the pre-disciplinary matter is permitted to go forward on April 17, 2018, the charges against the affected Patrol Officers will be made public and subject them to discipline, including but not limited to, a suspension from duty and the publication of the disciplinary charges. For all of these reasons, there exist a real possibility of irreparable harm should the Court refuse to provide the injunctive relief being sought.

### 3. THE POTENTIAL INJURY SUFFERED BY DEFENDANTS IF GRANTED WILL NOT OUTWEIGH THE POTENTIAL INJURY TO PLAINTIFFS IF RELIEF IS NOT GRANTED.

There is no potential injury to the Defendants if the injunctive relief is granted. The conduct the Plaintiffs are seeking does not delay or cause any harm to the Defendants. The Plaintiffs are simply asking that this Court prohibit the City from disciplining the affected CPPA members prior to hearing this case on its merits for the constitutional violations. In other words, Plaintiffs are merely requesting that the court maintain the status quo until it can fully declare all the parties rights under the laws and ordinances at issue. Conversely, the potential injury to the Plaintiffs is both real and irreparable.

### 4. THE PUBLIC INTEREST WILL BE SERVED BY THE GRANTING OF THIS INJUNCTION.

Public policy favors enforcement of its duly enacted laws and the constitution of the United States of America. The laws referred to herein were created to protect individuals, including Patrol Officers, from unreasonable searches, as well as, protect all individuals rights to free speech. The public interest will be served by giving due weight to the constitutional rights that are afforded to all citizens of the United States, which includes City of Cleveland Patrol Officers.

### CONCLUSION

The balancing test set forth above is designed to provide a useful analytical tool while underscoring the traditional flexibility of equity. See *Friendship Materials, Inc. v. Michigan Brick, Inc.* 679 F.2d 100, 105 (6th Cir. 1982). For all of these reasons the Plaintiffs respectfully request this Court order the injunctive relief being sought.

Respectfully submitted,

/s/ Marisa L. Serrat
MARISA L. SERRAT (#0088840)
Attorney for the Plaintiffs

55 Public Square
2100 Illuminating Building
Cleveland, Ohio 44113
(216) 696-2150
(216) 696-1718- Fax
MserratLaw@gmail.com

## CERTIFICATE OF SERVICE

A copy of the foregoing was served upon the, Director of Law, City of Cleveland, City Hall – Room 106, 601 Lakeside Avenue, Cleveland, Ohio 44114-1015 via electronic filing this 13th day of April, 2018.

/s/ Marisa L. Serrat
MARISA L. SERRAT (#0088840)
Attorney for the Plaintiffs

# COLLECTIVE BARGAINING AGREEMENT

## BETWEEN THE

## CITY OF CLEVELAND

## AND

## CLEVELAND POLICE PATROLMEN'S ASSOCIATION
## (C.P.P.A.)

## NON-CIVILIAN PERSONNEL

Effective April 1, 2013 through March 31, 2016



## PURPOSE

This Contract sets forth the basic terms of agreement between the City of Cleveland, hereinafter referred to as the "City," and the Cleveland Police Patrolmen's Association, hereinafter referred to as "CPPA," regarding employment of employees in the CPPA bargaining unit for the purpose of assuring that the operation and services of the City of Cleveland will be conducted efficiently and effectively.

## WITNESSETH

The parties acknowledge that during the negotiations and/or interest arbitration which resulted in this Contract each had the unlimited right and opportunity to make demands and proposals with respect to any subject or matter not removed by law or regulation from the area of collective bargaining and that the understanding and agreements arrived at by the parties after the exercise of those rights and opportunities are set forth in this Contract. Therefore, the parties voluntarily waive the right to demand new proposals on any subject or matter, not included herein, during the term of this Contract, even though such subject matter may not have been within the knowledge or contemplation of either or both of the parties at the time they negotiated or signed this Contract. If an agreement is reached between the CPPA and the City, any such supplemental agreement shall be in writing and subject to the prior approval of the Executive Board of the CPPA and the City or their respective designated representatives.

## ARTICLE I
## RECOGNITION

(1)     City of Cleveland hereby recognizes that the Cleveland Police Patrolmen's Association is the sole and exclusive bargaining agent for all persons employed in the rank of

1

Patrol Officer and/or apprentices by the City of Cleveland, Division of Police, Department of Public Safety, for the purpose of bargaining with respect to wages, hours of work, and other conditions of employment. The City shall not negotiate with any other employee organization concerning bargaining rights for the classifications of Patrol Officer and/or apprentices. (City will recognize a separate exclusive unit of Radio Dispatchers).

## ARTICLE II
## UNION SECURITY

(2) Effective April 1, 1995, it having been determined that at least 85% of the eligible employees in the bargaining unit of the CPPA are members of the CPPA, then the City agrees that all employees in the CPPA bargaining unit shall thereafter be either members of the CPPA or be required to pay a fair share fee to the CPPA as a condition of continued employment in accordance with the terms of Revised Code 4117.09(C), which will be remitted by the City to the CPPA in accordance with the statute. As provided by that statute such fair share fee requirement shall not be effective until at least sixty (60) days following the beginning of employment or completion of the probationary period, whichever is less. It is further provided that an employee who has completed his/her probationary period, and is not a member of the CPPA as of October 1, 1983, and who does not become a member of the CPPA by March 31, 1984, shall not be required to pay the fair share fee under this provision.

## ARTICLE III
## CHECK-OFF

(3) The City will deduct regular initiation fees, monthly dues and yearly increases from the pay of employees in the bargaining unit covered by this Contract upon receipt from the