# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND POLICE PATROLMEN'S ASSOCIATION, ET AL., | ) ) ) ) | CASE NO. 1:18CV863 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| CITY OF CLEVELAND, ET AL., | ) ) | OPINION AND ORDER |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiffs Cleveland Police Patrolmen's Association and Jeffrey Follmer's Motion for Temporary Restraining Order/Preliminary Injunction. (ECF # 3). For the following reasons, the Court denies Plaintiffs' Motion.

According to Plaintiffs' Verified Complaint, Defendants City of Cleveland, Michael McGrath and Calvin Williams are pursuing disciplinary actions against members of the Cleveland Police Patrolmen's Association ("CPPA") for conduct that violates the members' constitutional rights to privacy and free speech. Plaintiffs seek a declaration from the Court prohibiting Defendants from pursuing such discipline and further requests any and all documentation concerning the alleged disciplinary charges be removed from the members' personnel files. Plaintiffs contend that City of Cleveland Codified Ordinance § 171.49 ensures the right to free expression of all officers and employees of the City of Cleveland with the exception of speech that is disruptive of the work of the officer or employee or constitutes insubordination. Plaintiffs contend, with no factual support, the exceptions do not

apply to the speech at issue. Furthermore, the speech they seek to protect occurred on the officers' private cell phones, outside the workplace. As such, the officers had a reasonable expectation of privacy and the unlawful intrusion into the officers' private cell phones violated their constitutional rights.

Plaintiffs argue that by conducting a hearing, Plaintiffs could be subject to discipline and/or public disclosure of the charges against them which would cause them irreparable personal and professional harm. Furthermore, Defendants' pursuit of disciplinary charges violates the City of Cleveland Ordinances as well as the officers' constitutional rights. Plaintiffs' also seek injunctive relief to include enjoining Defendants from administering any discipline against the officers.

### Standard of Review

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods*., 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d

1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc*., 404 F. 2d 256, 257 (6th Cir. 1968).

The Court may issue a temporary restraining order only if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. (Fed. R. Civ. P. 65c). The Court notes that Plaintiffs have not offered to post any appropriate security.

The Court finds that Plaintiffs cannot show by clear and convincing evidence a strong likelihood of success on the merits because they have not apprised the Court of sufficient facts to make such a showing. Whether an employee engaged in constitutionally protected speech is a question of law. *Farhat v. Jopke*, 370 F.3d 580, 593 (6th Cir. 2004). The court must decide first whether the employee spoke as a "citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). If so, the court then must "balance the employee's free speech interest against the employer's justifications for restricting the employee's speech." *Stinebaugh v. City of Wapakoneta*, 630 F.App'x 522, 526 (6th Cir. 2015); *Garcetti, id.* The First Amendment will protect the public employee only if he was speaking as a citizen and not in his official capacity as a government worker. *Garcetti*. The Supreme Court has held that public employees should be able to speak out freely on questions of public concern without fear of retaliation. *Pickering v. Bd. of Ed. of Twp. High Sch. Dist.*,

391 U.S. 563, 571-72 (1968). However, the public employer is not required to "tolerate action which he reasonably believed would disrupt the office, undermine his authority, and destroy close working relationships." *Connick v. Myers*, 461 U.S.138, 154 (1983).

The only facts the Court has before it is that the speech at issue was made on Plaintiffs' personal cell phones. The Court considers "the impetus for h[is] speech, the setting of h[is] speech, the speech's audience, and its general subject matter." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 546 (6th Cir. 2007). The Court has not been provided with the content of the speech at issue and, as such, cannot make any determination whether it is protected or not. The Court has no facts as to how the texts were obtained and thus, cannot determine whether any invasion of privacy occurred. Therefore, Plaintiffs cannot meet their burden to show by clear and convincing evidence that they have a strong likelihood of success on the merits. In light of *Gonzales*, the Court finds this failure to demonstrate a likelihood of success on the merits is fatal to Plaintiffs' Motion.

Therefore, for the foregoing reasons, the Court denies Plaintiffs' Motion.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 17, 2018**